Samuel Jacobs, J.
In July, 1959 plaintiff Frank Sgarlata purchased a truck from defendant Augustino Carioto, Jr. There was evidence that it had not been used since March, 1958; also, that the truck was not licensed for the year 1959.
When plaintiff was negotiating for this purchase, defendant asserted that “ except for some body work ” the truck was in good operating condition. The latter was paid the agreed purchase price — $500. However, shortly after the transaction was completed and delivery made plaintiff discovered that the motor was defective and needed replacing. There was evidence presented that this defect could not be discovered or determined by an inspection; only by taking apart the motor was such *264 defect discernible. When that was done, the motor was found to be full of sludge and could not be repaired. Thereupon, a new engine was installed.
Plaintiff’s cause of action is grounded in fraud. To sustain such action, the law requires proof of representation, falsity, scienter, deception, and injury (Hanlon v. Macfadden Pub., 302 N. Y. 502), but: “ It does not require very strong proof in an action of this character to establish that a purchaser was induced to act by reason of false statements of the seller. In many cases that fact will be inferred from the circumstances attending the transaction.” (Angerosa v. White Co., 248 App. Div. 425, 432, affd. 275 N. Y. 524.)
Defendant strenuously urges that the element of scienter is lacking — he had no way of knowing that the motor was defective. There is no question, however, that defendant did represent the truck to be in “ good operating condition.” The court finds this to be an actionable fraudulent representation.
It has been held that “fraud” includes pretense of knowledge, where there is no knowledge. (Abel v. Paterno, 245 App. Div. 285.) “ ‘ Neither may any defendant escape responsibility through plea of lack of personal knowledge of the truth of declarations made by him ’ # * * Then their statement made as if from personal knowledge is equally fraudulent as though intentionally falsely made. If damage ensues from either of these two situations the person making representations must be held to responsibility. (Rothschild v. MacK, 115 N. Y. 1; Kountse v. Kennedy, 147 id 124; Hadcock y. Osmer, 153 id 604.) ’ ’
In the Hadcock ease (supra) the Court of Appeals held (p. 609): “ ‘He either knew or he did not know of the financial condition of the makers of the note. If he did know it, then he knew that the note, as to both makers and indorsers, was without value. If he did not know its condition, he yet assumed to have actual knowledge of the truth of his statement. * * * He certainly meant to convey the impression of actual knowledge of the truth of the representations he made as to the value of the note, and he either knew such representations were false or else he was conscious that he had no actual knowledge while assuming to have it and intending to convey such impression. If damage ensues this makes an actionable fraudulent representation. ’ ”
In view of the foregoing authorities, this court is constrained to find defendant responsible for the representations made and for the damage sustained. The proof indicates such damage to be $357.04. Accordingly, judgment is granted in favor of plaintiff against defendant, in that amount, namely, $357.04.